

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and CHAPMAN, District Judge.

PER CURIAM:

These appeals bring this old litigation before us for the third time. See Capital Investors Co. v. Devers, 4 Cir., 360 F.2d 462 and 387 F.2d 591, in which the general background and the nature of the case are outlined. They come now after confirmation of a sale of the Virginia lands and a final adjudication of the rights of the parties.

Upon consideration of the briefs and oral argument, we perceive no error.

Affirmed.

**Donald Christian DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-2060**

**Summary Calendar.**<sup>*</sup>

United States Court of Appeals, Fifth Circuit.

·Dec. 27, 1971.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

I. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970). Appellant Davis' 28 U.S.C.A. § 2255 motion to vacate contained the following contentions: (1) his plea of guilty was void because it was coerced (2) his plea of guilty was void because it was tainted by incriminating statements that were illegally and unconstitutionally

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.<sup>1</sup>

---

**STATE OF FLORIDA, for the Use and Benefit of WESTINGHOUSE ELECTRIC SUPPLY COMPANY, a division of Westinghouse Electric Corporation, Plaintiff-Appellant,**

v.

**WESLEY CONSTRUCTION COMPANY et al., Defendants-Appellees.**

**No. 30693.**

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1972.

Richard E. Reckson, Eugene C. Heiman, of Heiman & Crary, Miami, Fla., for plaintiff-appellant.

Martin E. Segal, Donald W. Stobs, Jr., Wesley G. Carey, Edward A. Perse, Patton, Kanner, Nadeau, Segal & Stobs, Miami, Fla., for defendants-appellees Wesley and Aetna.

Before TUTTLE, WISDOM and INGRAHAM, Circuit Judges.

obtained and would be illegally inadmissible in court against him (3) the search of his automobile was illegal (4) his plea of guilty is void because it came after a failure to provide him with counsel at the time of his illegal confession and (5) his plea of guilty was not voluntarily, knowingly, and intelligently made. After a full and thorough evidentiary hearing at which Davis was represented by appointed counsel, the district court rendered detailed findings of fact and conclusions of law. The court found against Davis on all his contentions.

**PER CURIAM:**

We are in agreement with the well considered memorandum opinion of the district court, State of Florida v. Wesley Construction Company, 316 F.Supp. 490 (S.D.Fla., 1970), and its judgment is affirmed.

**Arthur JENKINS, Petitioner-Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent-Appellee.**

No. 71-2287

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1971.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**PER CURIAM:**

Affirmed. See Local Rule 21.[1]

---

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

[1] See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

The issue raised in this appeal is set forth in the trial court order denying relief. Jenkins v. Attorney General of the

---

**In the Matter of WADSWORTH HOMES CO., Debtor.**

**R. A. SNIDER and Mary Snider, his wife, Appellants,**

v.

**WADSWORTH HOMES CO., Debtor, Appellee.**

No. 71-3004

Summary Calendar.[**]

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1972.

Rehearing Denied Feb. 28, 1972.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**PER CURIAM:**

Both the Section 68, 11 U.S.C.A. § 108 (1953), and the Florida recoupment arguments advanced by the Sniders are controlled by the Referee's interpretation of the "construction agreement". This interpretation is correct.

The Referee awarded the sum of 17.50 dollars to the Sniders, but failed to include this amount in the decretal portion of his order. We direct the district judge to enter an order awarding this sum to the Sniders. The judgment is affirmed and remanded. See Local Rule 21.[1a]

---

United States, Civil Action No. 14577 (N.D.Ga., March 8, 1971).

[**] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

[1a] See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).